IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ROBERT TROY MCCLURE | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:21-CV-40 |
| JUAN A. TORRES | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Troy McClure, an inmate currently confined at the Estelle Unit, proceeding *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Juan A. Torres.

Procedural Background

This case has been pending since 2016, wherein Plaintiff's claims against Defendant Torres were severed into the above-referenced civil action. Plaintiff is barred from proceeding *in forma pauperis* in any action pursuant to 28 U.S.C. § 1915(g), but was able to overcome that bar by pleading imminent danger in this case. The case was stayed for some time due to the COVID-19 pandemic.

Plaintiff asserts claims of excessive force and retaliation against Defendant Torres. On March 28, 2021, the court denied Defendant Torres' Motion for Summary Judgment. Plaintiff was appointed counsel on May 28, 2021, and the case was set for trial March 21, 2022. The parties filed a Joint Stipulation of Dismissal with Prejudice on March 14, 2022, and an order dismissing the case with prejudice was entered the following day. According to the Joint Stipulation of Dismissal, Plaintiff no longer wanted to prosecute the case against Mr. Torres.

Plaintiff then filed a *pro se* motion to terminate the appointment of counsel, alleging that counsel failed to honor Plaintiff's "agreed upon requests," and argued Plaintiff no longer "wanted, needed, or appreciated" counsel's representation. In May of 2022, Plaintiff field a motion to amend final judgment under Federal Rule of Civil Procedure 60(b), alleging his suit was wrongfully dismissed on the basis of fraud and/or mistake. This court held an evidentiary hearing on August 10, 2022. Notably, during the hearing, Plaintiff conceded he did in fact tell his court appointed counsel he no longer wanted to

prosecute the case, and instead, wanted counsel to assist him in prosecuting his habeas petition. As Plaintiff testified it was his intent to now proceed with the case, and giving Plaintiff the benefit of the doubt, the court found that extraordinary circumstances warranted the reopening of the case. The court entered a scheduling order and set the case for trial on February 21, 2023.

Plaintiff continued to file motions seeking termination of court appointed counsel. The court set a hearing by telephone to discuss this issue on November 14, 2022, ordering that Plaintiff, appointed counsel, and counsel for Mr. Torres be in attendance. At the hearing, the court was informed by TDCJ Correctional Officers Robert Stray and Austin Munoz that Plaintiff refused to submit to wrist restraints in accordance with TDCJ policy for an escort to the law library, and thus refused to attend the hearing. Officers Stray and Munoz informed the court that Plaintiff was aware that he was ordered to attend the hearing, but still refused to submit to wrist restraints placed behind his back as required for his transport. Counsel for Mr. Torres orally moved for dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b), now followed by a written motion filed November 29, 2022.

Plaintiff filed an Emergency Motion for Order to Show Cause and Motion for Temporary Restraining Order on November 28, 2022. While Plaintiff argues TDCJ staff interfered in his access to court by frustrating his efforts to attend the hearing, Plaintiff, however, concedes he refused to submit to wrist restraints behind his back. Plaintiff argues TDCJ should have offered some alternative to his transport, like hand restraints in front, to allow him to bring his small notebook and pen to the hearing, but refused to accommodate his request. Notably, Plaintiff states in his own affidavit, "I am in Ad-Seg that [sic] which means I am always handcuffed exiting the cell." The affidavits of Correctional Officer Stray and Munoz establish that pursuant to TDCJ security policy, and Access to Courts Policy ATC-170, inmates assigned to restrictive housing are to be escorted in hand restraints placed behind their back. Plaintiff, in essence, concedes he refused to comply with the TDCJ officers' requests as required by TDCJ policy and thus refused to attend the court ordered hearing.

## Analysis

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.

1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

This court has given Plaintiff numerous opportunities to bring this case to trial, even appointing him counsel to do so. Rather than use that appointment to his benefit, Plaintiff has obstructed these efforts and insisted that he should represent himself. Plaintiff most recently refused to attend a hearing set at his request regarding his desire to represent himself at trial. Plaintiff, by his own account, is aware of the security requirements that he be restrained behind his back for transport. Despite this knowledge, Plaintiff failed to comply with TDCJ security policy and refused to attend the hearing.[1] Plaintiff has shown a clear disrespect for the court and failed to comply with this court's order. Plaintiff has consistently impeded this court's efforts in bringing this case toward resolution and disposition.

ORDER

Accordingly, the above-referenced civil rights action is dismissed pursuant to Federal Rule of Civil Procedure 41(b). A Final Judgment will be entered in this case by separate order.

**SIGNED this 5th day of December, 2022.**

Michael J. Truncale
United States District Judge

---

[1] The court notes that Plaintiff has attended a prior hearing by telephone, and had no issues with the security requirement that he be restrained behind his back to attend the hearing at that time.